UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN SIEGAL, et al.,

    Plaintiffs,

v.

G. THOMAS GAMBLE, et al.,

    Defendants.

Case No. 13-cv-03570-RS

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

WHEREAS, a Settlement Agreement and Release ("Agreement") has been entered into by and among the following parties in this action:

1. Plaintiffs Steven Siegal, James Rybicki, David Groblebe, individually and as General Partner of Grobco II, and Christian Wipf, all individually and on behalf of those similarly situated (the "California Plaintiffs"); and

2. Defendants G. Thomas Gamble, Loren J. Miller, Henry Lowenstein, Paul W. Bateman, Edward M. Gabriel, James S. Mayer, Lynn Blystone, Maston Cunningham, John Durbin, and Greg Billinger.

WHEREAS, there are several Bankruptcy actions pending in the District of Delaware (the "Bankruptcy Cases") as follows:

1. *In re Tri-Valley Corporation*, Case No. 12-12291-MFW (Bankr. D. Del. 2012);
2. *In re Tri-Valley Oil & Gas Co.*, Case No. 12-12292-MFW (Bankr. D. Del. 2012);

3. *In re Select Resources Corporation, Inc.*, Case No. 12-12293-MFW (Bankr. D. Del. 2012); and

4. *In re TVC Opus I Drilling Program, L.P.*, Case No. 12-12294-MFW (Bankr. D. Del. 2012).

WHEREAS, there are several adversarial actions pending in the District of Delaware (the "Adversary Proceedings") as follows:

1. *Stanziale, Jr. v. Blystone, et al.*, Adv. Pro. No. 13-51212-MFW (Bankr. Del. 2013);

2. *Burtch v. Blystone, et al.*, Adv. Pro. No. 13-51214-MFW (Bankr. Del. 2013);

3. *Stanziale, Jr. v. Gamble, et al.*, Adv. Pro. No. 13-51312-MFW (Bankr. D. Del. 2013);

4. *Burtch v. Gamble, et al.*, Adv. Pro. No. 13-51316-MFW (Bankr. Del. 2013);

5. *Official Committee of Equity Security Holders of TVC Opus I Drilling Program, L.P., et al. v. Gamble, et al.*, Adv. Pro. No. 12-50994-MFW (Bankr. D. Del. 2012);

6. *Stanziale, Jr. v. Blystone*, Adv. Pro. No. 14-50625-MFW (Bankr. D. Del. 2014);

7. *Stanziale, Jr. v. Kromer*, Adv. Pro. No. 14-50623 (Bankr. D. Del. 2014);

8. *Stanziale, Jr. v. Bush*, Adv. Pro. No. 14-50624 (Bank. D. Del. 2014); and

9. *Stanziale, Jr. v. Kandle*, Adv. Pro. No. 14-50622 (Bankr. D. Del. 2014).

WHEREAS, by virtue of the Bankruptcy Cases and the Adversary Proceedings, the following additional parties (who are not parties to this action) have joined the Plaintiffs and the above-listed Defendants as parties to the Agreement:

1. The Estates of Tri-Valley Corporation, Tri-Valley Oil & Gas Co., and Select Resources Corp., Inc., (collectively "Tri-Valley"), by Charles A. Stanziale as Chapter 7 Trustee (the "TVC Trustee");

2. The Estate of the TVC Opus I Drilling Program, L.P. ("Opus"), by Jeoffrey L. Burtch as Chapter 7 Trustee (the "Opus Trustee", and together with the TVC Trustee, the "Trustees");

3. Milton J. Carlson, Dennis Lockhart, Harold Noyes (named as defendants in the Delaware proceedings).

4. The following Directors and Officers Insurance Companies (collectively the "D&O Insurers"):

    i. National Union Fire Insurance Company of Pittsburgh, PA and AIG Claims, Inc. ("National Union");

    ii. Arch Insurance Company ("Arch");

    iii. Liberty Mutual Insurance Company ("Liberty").

5. George R. Miller

WHEREAS, the Court has reviewed the Agreement, together with all exhibits thereto, the record in this case, and the arguments of counsel; and

WHEREAS, this Court preliminarily finds, for the purposes of settlement only, that the class alleged in the Action meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure for class certification, including numerosity, commonality, typicality, and that the California Plaintiffs and Counsel for the California Plaintiffs are adequate representatives of the Settlement Class, and that the class alleged in the Action meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure for class certification, in that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy;

IT IS HEREBY ORDERED AS FOLLOWS:

1. All terms and definitions used herein have the same meanings as set forth in the Agreement.

2. The proposed settlement set forth in the Agreement is hereby preliminarily approved as being within the range of reasonableness such that notice thereof should be given to members of the Settlement Class (as defined in the following paragraph).

3. The Action is provisionally certified as a class action, for the purposes of settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and concerning the following Class:

All persons and entities who purchased securities issued by or on behalf of TVC Opus I Drilling Program, L.P., directly or indirectly, personally or through aggregators (the "Settlement Class"). Excluded from the Settlement Class are all defendants in the *Siegal* Action, including their parent companies and subsidiaries, and members of their nuclear families, and any member of the judiciary presiding over this action.

4. The Court preliminarily finds that the Settlement Class is sufficiently numerous that joinder is not practicable. The Court further preliminarily finds that there are questions of law and fact common to the members of the Settlement Class which predominate over any questions affecting individual members of the Settlement Class, and a class action is found, on a preliminary basis for settlement purposes, to be superior to other available methods for the fair and efficient resolution of the claims against the Settling Defendants. These common issues are provisionally found to satisfy what is required for provisional class certification under Rule 23 of the Federal Rules of Civil Procedure. On a preliminary basis, the Court finds that (a) the claims of Plaintiffs are typical of the claims of the members of the overall alleged Settlement Class, and (b) the claims of the Settlement Class and the Plaintiffs arise out of the same alleged facts and present the same legal theories of alleged liability against the Settling Defendants.

5. The Court further preliminarily finds that (a) the California Plaintiffs will fairly and adequately protect the interests of the Class, and (b) the California Plaintiffs have retained counsel who have the experience and resources necessary to provide adequate representation of the Class and meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6. The Court hereby appoints CPT Group, Inc. as the Settlement Administrator.

7. Counsel for the Settlement Class and Settlement Class Representatives are hereby found to be, and are, therefore, appointed as adequate representatives of the Settlement Class: Edward S. Zusman, Kevin K. Eng, and Markun Zusman Freniere & Compton LLP, 465 California Street, Suite 401, San Francisco, CA 94104, and John Fabry and Fabry Law Firm, 111 Congress Avenue, Suite 400, Austin, Texas 78701, are hereby appointed as Counsel for the Settlement Class, and Steven Siegal, James Rybicki, David Groblebe, individually and as General Partner of Grobco II, and Christian Wipf are hereby appointed as Settlement Class Representatives.

8. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Agreement is not finally approved by this Court or otherwise does not take effect. Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Agreement is not finally approved by this Court or otherwise does not take effect.

9. The Notice of Proposed Settlement of Class Action ("Notice") and the Claim Form, which are attached to the Agreement as Exhibits A and B, respectively, are hereby approved as to form.

10. A copy of the Notice, together with the Claim Form, shall be posted on a settlement website, www.cptgroup.com/SiegalvGamble (the "Settlement Website") not later than 20 days after the date of this Order. The Notice and the Claim Form shall be downloadable from the Settlement Website. Settlement Class Members who are unable to download the Notice and/or Claim Form may request that the Notice and/or Claim Form be mailed to them at no charge by sending an e-mail to an e-mail address to be provided on the Settlement Website ("Settlement E-mail Address"). In addition to the Notice and Claim Form, copies of the Settlement Agreement and pertinent Pleadings and Court Orders shall also be posted on the Settlement Website.

11. The Court finds that the form of Notice, describing the pendency of the Litigation, this Settlement, and Class Counsel's anticipated fee and expense application, and the methods of dissemination to members of the Settlement Class in accordance with the terms of this Order, constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

12. Any member of the Settlement Class who does not, in connection with the settlement notices, file a valid and timely request for exclusion will be bound by the Final Judgment dismissing this action on the merits and with prejudice.

13. A hearing (the "Final Approval Hearing") shall be held by the Court on October 13, 2016, at 1:30 p.m., to consider and determine whether the requirements for certification of the Settlement Class have been met and whether the proposed settlement of the Action on the terms set forth in the Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether Counsel for the Settlement Class's fee and expense application should be approved; and whether the Final Judgment approving the settlement and dismissing the Action on the merits and with prejudice against the Settlement Class Representatives and all Settlement Class Members should be entered.

14. The Final Approval Hearing may, from time to time, and without further notice to the Settlement Class (except those who have filed timely and valid objections), be continued or adjourned by Order of the Court.

15. The California Plaintiffs will file all papers in support of their application for payment of attorneys' fees and expenses no later than August 2, 2016.

16. Any Settlement Class Member who seeks to be excluded from the Settlement Class must send a request by first class mail, postmarked on or before August 26, 2016, to Counsel for the Settlement Class, Edward S. Zusman and Kevin K. Eng, of Markun Zusman Freniere & Compton LLP, 465 California Street, Suite 401, San Francisco, CA 94104.

17. Objections by any Settlement Class Member to: (A) certification of the Settlement Class and the proposed settlement contained in the Agreement and described in the Notice; (B) payment of fees and expenses to Counsel for the Settlement Class; and/or (C) entry of the Final Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Approval Hearing only if, on or before August 26, 2016, such objector files with the Court a notice of his, her or its objections, submits documentary proof that he, she or it is a member of the Settlement Class, states the basis for such objections, and serves copies of the foregoing and all other papers in support of such objections on counsel for the Settlement Class and counsel for Settling Defendants, as identified in the Notice.

18. No later than September 15, 2016, the California Plaintiffs shall file all papers in support of the application for final approval of the settlement, and/or any papers in response to any valid and timely objections with the Court, and shall serve copies of such papers upon each other and upon any objectors who have complied with the provisions of paragraph 12 of this Order. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice, and other exhibits that they jointly agree are reasonable or necessary. Disputes not resolved by the Parties in administering the proposed Settlement may be brought before the Court.

**IT IS SO ORDERED**.

Dated: June 7, 2016

_____
RICHARD SEEBORG
United States District Judge